**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **GREGORY LINGLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-00716-ALM** |
| **vs.** | § | |
| | § | |
| **EAGLE RIVER PARTNERS, LLC and** | § | **Jury Demanded** |
| **MARTIN S. MOORE, JR., an Individual,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. submit the following proposed jury instructions.

Respectfully submitted,

/s/ *Michael P. Hutchens*
Michael P. Hutchens, Lead Attorney
Texas Bar No. 0079094
mhutchens@whitakerchalk.com
**WHITAKER CHALK SWINDLE
& SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

Joseph J. Mastrogiovanni, Jr.
Texas State Bar No. 13184380
**MASTROGIOVANNI
MERSKY & FLYNN, P.C.**
2001 Bryan Street, Suite 1250
Dallas, Texas 75201
Phone: (214) 922-8800
Fax: (214) 922-8801
jmastro@mastromersky.com

**Attorney for Defendants**

**PRELIMINARY INSTRUCTIONS FOR THE JURY PANEL**

MEMBERS OF THE JURY PANEL:

If you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any in- formation about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not

presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**PRELIMINARY INSTRUCTION FOR THE JURY**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet ser- vice, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have

you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

Court's Instruction No. ____

**FIRST RECESS**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

Court's Instruction No. ____

**STIPULATED TESTIMONY**

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

Court's Instruction No. ____

**STIPULATIONS OF FACT**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The following facts have been stipulated:

1. Eagle River is a licensed freight brokerage firm.
2. Defendant Martin S. Moore, Jr. ("Moore") is the owner of Eagle River.
3. Eagle River and Moore were Plaintiff's employers within the meaning of the FLSA.
4. At all times relevant to this litigation, Defendants have been an enterprise within the meaning of the FLSA.
5. At all times relevant to this litigation, Plaintiff was an employee engaged in commerce as required by the FLSA.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**                                            **PAGE 6**

6. Eagle River brokers shipping agreements between customers who have products to ship and carriers who are able to transport such items.

7. Plaintiff commenced working for Eagle River in September 2015. Plaintiff's employment with Eagle River terminated on March 20, 2018. Plaintiff worked for Eagle River as a sales agent.

8. Plaintiff's primary job duties included identifying and calling potential customers in order to sell Eagle River's shipping services and thereafter interfacing with those customers and the carriers to ensure the services were completed.

Court's Instruction No. ___

**JUDICIAL NOTICE**

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that [state the facts].

Court's Instruction No. ___

**DEMONSTRATIVE EVIDENCE**

Exhibit [insert number] is an illustration. It is a party's [description or picture or model] to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

Court's Instruction No. ___

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**                                    **PAGE 7**

Court's Instruction No. ___

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this Charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.


Court's Instruction No. ___

## BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.


Court's Instruction No. ___

## LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony and certain exhibits for a limited purpose and I instructed you that you may consider some testimony and documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

Court's Instruction No. ____

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**GENERAL INSTRUCTIONS FOR THE CHARGE**

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Burden of Proof: Preponderance of The Evidence**

Plaintiff Gregory Lingle has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Gregory Lingle has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your

own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [presiding juror] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**FAIR LABOR STANDARDS ACT OR FLSA (29 U.S.C. SEC. 216)**

It is unlawful for an employer to require an employee covered by the FLSA to work for less than minimum wage or more than 40 hours in a workweek without paying overtime.

To succeed on his claim, Plaintiff Gregory Lingle must prove by a preponderance of the evidence that Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. failed to pay Plaintiff Gregory Lingle the minimum wage or overtime pay required by law.

The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour. In determining whether an employer has paid the minimum wage, it is entitled to a credit for the reasonable costs of furnishing certain noncash items to Plaintiff Gregory Lingle

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay Plaintiff Gregory Lingle earned in a particular week, multiply his regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

In this case, Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. claim that it is exempt from the FLSA's overtime provisions. To establish that they are exempt, Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. must prove each of the facts listed below for an exemption by a preponderance of the evidence:

For the administrative exemption, Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. must prove (1) Plaintiff Gregory Lingle was compensated at a rate of not less than $455 per week;[1] (2) Plaintiff Gregory Lingle's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant Eagle River Partners, LLC or its customers and (3) Plaintiff Gregory Lingle's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

For the outside sales exemption, Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. must prove (1) Plaintiff Gregory Lingle's primary duty was either making sales or obtaining orders or contracts for services for which a consideration will be paid by the client or customer and (2) Plaintiff was customarily and regularly engaged away from Defendants Eagle River

---

[1] 69 FR 22260, Apr. 23, 2004 (setting the amount at $455/week; *see* 84 FR 51231, Sep. 27, 2019 (stating the Department of Labor's position that the 2016 changes to the applicable CFR were invalidated by this Court's order of November 22, 2016).

Partners, LLC and Martin S. Moore, Jr.'s place of business in performing this duty.  Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks."[2]  An employee can satisfy the exemption's "customarily and regularly" element by being away from the office on sales related tasks one or two hours a day, one or two times a week.[3]  In fact, the employee need not even perform such tasks outside the office every week so long as the activities are more than just occasional.[4]

For a combination exemption, Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. must prove Plaintiff Martin S. Moore, Jr. performed a combination of exempt duties including two or more of the executive, administrative, professional, outside sales or computer employee exemption.[5]  In this case, Defendants must prove that Plaintiff's, principal, main, or most important duty as an employee consisted of exempt administrative work, exempt outside sales work, or a combination of the two.[6]

For the highly compensated exemption, Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. must prove for each year at issue (1) Plaintiff was compensated at a rate of not less than $455 per week; (2) Plaintiff primary duty involved office work or non-manual work; (3) Plaintiff regularly performed duties of an exempt executive, administrative, or professional employee; and (4) received $100,000 or more in compensation for the applicable year.[7]  An exempt executive's duties include (1) management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (2) customarily and regularly directing the work of two or more other employees; and (3) having the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. An exempt administrative employee's duties include the performance of office or non-manual work directly related to the management or general business operations of the employer or its customers and the exercise of discretion and independent judgment with respect to matters of significance.  An exempt professional employee's duties include the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction or requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

In this case, Defendant Martin S. Moore, Jr. claims he is not individually liable as an employer under the FLSA.  To establish Defendant Martin S. Moore, Jr. is liable as an employer,  Plaintiff Gregory Lingle must prove there existed an employer-employee relationship between he and Defendant Martin S. Moore, Jr. during the unpaid overtime periods claimed.  An individual is an employer under the FLSA is he or she (1) possessed the power to hire and fire employees; (2)

---

[2] 29 C.F.R. § 541.701
[3] U.S. Dept. of Labor, Wage & Hour Division Opinion Letter FLSA2007-2.
[4] *Id.*
[5] 29 CFR § 571.708
[6] *See Cunningham v. Advantix Dig., LLC*, No. 3:19-CV-0210-G, 2020 U.S. Dist. LEXIS 68569, at *49 (N.D. Tex. 2020)
[7] 69 FR 22260, Apr. 23, 2004; *see* 84 FR 51231, Sep. 27, 2019 (identifying the original 2004 HEC $100,000 cutoff level as the applicable number through January 1, 2020, due to this Court's order of November 22, 2016).

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**                                         **PAGE 14**

supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records.[8]

## JURY QUESTIONS

### Instruction on employer definition

Defendant Martin S. Moore, Jr. alleges he is not individually liable as an employer under the FLSA.  To establish Defendant Martin S. Moore, Jr. is liable as an employer,  Plaintiff Gregory Lingle must prove there existed an employer-employee relationship between he and Defendant Martin S. Moore, Jr. during the unpaid overtime periods at issue in this case.  An individual is an employer under the FLSA is he or she (1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records.

### Question No. 1

Has Plaintiff Gregory Lingle proved that Defendant Martin S. Moore, Jr. is an employer under the FLSA?

Answer "Yes" or "No."

_____

### Question No. 2

If your answer to Question No. 1 is "Yes," answer this question.  If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

Has Plaintiff Gregory Lingle proved that Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. failed to pay him the minimum wage required by law?

Answer "Yes" or "No."

_____

---

[8] *See Martin v. Spring Break '83 Prods., Ltd. Liab. Co.*, 688 F.3d 247, 251 (5th Cir. 2012)

**Question No. 3**

If your answer to Question No. 1 is "Yes," answer this question.  If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

Has Plaintiff Gregory Lingle proved that Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. failed to pay him the overtime wages required by law?

Answer "Yes" or "No."

_____

**Instruction on Administrative Exemption**

Defendants Eagle River Partners, LLC and Martin S. Moore allege that Plaintiff Gregory Lingle is exempt from the overtime requirements of the FLSA because Gregory Lingle worked as an Administrative Employee.  To be an Administrative Employee, Eagle River Partners, LLC and Martin S. Moore must prove by a preponderance of the evidence that Defendants compensated Plaintiff on a salary basis at a rate of not less than $455 per week, Plaintiff's primary duty is the performance of office or non-manual work directly related to the management or general business operations of Defendants or the Defendant's customers, and Plaintiff's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

To qualify for the administrative exemption, Plaintiff's primary duty must be the performance of work directly related to the management or general business operations of Defendants or the Defendants' customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by Plaintiff. To meet this requirement, Plaintiff must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

The Administrative Exemption is not available if the facts demonstrate that Defendants did not intend to pay Plaintiff on a salary basis. An actual practice of making improper deductions demonstrates that Defendants did not intend to pay Plaintiff on a salary basis.

If the facts demonstrate Defendants had an actual practice of making improper deductions, the exemption is lost during the time period in which the improper deductions were made.  Improper deductions that are either isolated or inadvertent will not result in loss of the exemption, if Defendants reimbursed Plaintiff for such improper deductions.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**                                        **PAGE 16**

*See* 29 C.F.R. §§ 541.200, 541.201 and 541.603.

**Question No. 4**

If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

If your answer to Question No. 3 is "Yes," answer this question.  If your answer to Question No. 3 is "No," do not answer this question.

Have Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. proved that Plaintiff Gregory Lingle was exempt from the overtime-pay requirement as an administrative employee?

Answer "Yes" or "No."

_____

**Instruction on Outside Sales Exemption**

Defendants Eagle River Partners, LLC and Martin S. Moore allege that Plaintiff Gregory Lingle is exempt from the overtime requirements of the FLSA because Gregory Lingle worked as an Outside Sales Employee.  To be an Outside Sales Employee, Eagle River Partners, LLC and Martin S. Moore must prove by a preponderance of the evidence that Plaintiff was customarily and regularly engaged away from the Defendants' place or places of business in performing such primary duty.

The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home.  Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls.  Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.

Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks."[9]  An employee can satisfy the exemption's "customarily and regularly" element by being away from the office on sales related tasks one or two hours a day, one or two times a week.[10]  In fact, the employee need not even perform such tasks outside the office every week so long as the activities are more than just occasional.[11]

*See* 29 C.F.R. §§ 541.500 and 541.502.

_____

[9] 29 C.F.R. § 541.701
[10] U.S. Dept. of Labor, Wage & Hour Division Opinion Letter FLSA2007-2.
[11] *Id.*

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**          **PAGE 17**

**Question No. 5**

If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

If your answer to Question No. 3 is "Yes," answer this question.  If your answer to Question No. 3 is "No," do not answer this question.

Have Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. proved that Plaintiff Gregory Lingle was exempt from the overtime-pay requirement as an outside sales employee?

Answer "Yes" or "No." _____

**Instruction on Combination Exemption**

Defendants allege that Plaintiff was exempt from the overtime requirements of the FLSA because a combination of exemption.  Defendants must prove by a preponderance of the evidence that Plaintiff Martin S. Moore, Jr.'s his principal, main, or most important duty as an employee consisted of a combination of exempt administrative work and exempt outside sales work.


**Question No. 6**

If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

If your answer to Question No. 3 is "Yes," answer this question.  If your answer to Question No. 3 is "No," do not answer this question.

Have Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. proved that Plaintiff Gregory Lingle was exempt from the overtime-pay requirement under the combination exemption?

Answer "Yes" or "No."

_____

**Instruction on Highly Compensated Exemption**

Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. contend that Plaintiff Gregory Lingle was exempt from the FLSA overtime requirements because he met the highly compensated exemption.  Defendants must prove, for each year at issue, by a preponderance of the evidence, that  (1) Plaintiff Gregory Lingle was compensated at a rate of not less than $455 per week; (2) Plaintiff Gregory Lingle's primary duty involved office work or non-manual work; (3) Plaintiff Gregory Lingle regularly performed duties of an exempt executive, administrative, or professional employee; and (4) received $100,000 or more in compensation for the applicable

year.[12]  For a partial year, the employee must receive a pro rata portion of the required minimum annual salary based upon the number of weeks that the employee will be or has been employed. An exempt executive's duties include (1) management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (2) customarily and regularly directing the work of two or more other employees; and (3) having the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. An exempt administrative employee's duties include the performance of office or non-manual work directly related to the management or general business operations of the employer or its customers and the exercise of discretion and independent judgment with respect to matters of significance.  An exempt professional employee's duties include the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction or requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

**Question No. 7**

If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

If your answer to Question No. 3 is "Yes," answer this question.  If your answer to Question No. 3 is "No," do not answer this question.

Have Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. proved that Plaintiff Gregory Lingle was exempt from the overtime-pay requirement as a highly compensated employee?

Answer "Yes" or "No." _____

If Plaintiff Gregory Lingle has proved his claim against Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. by a preponderance of the evidence, you must determine the damages to which Plaintiff Gregory Lingle is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Gregory Lingle's damages as an indication in any way that I believe that Plaintiff Gregory Lingle should, or should not, win this case. It is your task first to decide whether Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. are liable and that Plaintiff Gregory Lingle is entitled to recover money from Defendants Eagle River Partners, LLC and Martin S. Moore, Jr.

**Question No. 8**

Has Plaintiff Gregory Lingle proved that he is entitled to recover damages under the FLSA?

---

[12] 69 FR 22260, Apr. 23, 2004; *see* 84 FR 51231, Sep. 27, 2019 (identifying the original 2004 HEC $100,000 cutoff level as the applicable number through January 1, 2020, due to this Court's order of November 22, 2016).

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 9**

If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

Has Plaintiff Gregory Lingle proved that Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by the FLSA?

Answer "Yes" or "No."

_____

If your answer is "Yes," you should award damages for any applicable payroll periods within the period from October 2, 2016 to September 22, 2017.  If your answer is "No," you should not award damages.

**Question No. 10**

If your answer to Question No. 1 is "No," do not answer this question as to Defendant Martin S. Moore, Jr.

What sum of money would fairly and reasonably compensate Plaintiff Gregory Lingle for the damages, if any, you have found Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. caused Plaintiff Gregory Lingle? Answer in dollars and cents for the following items and no other:

For minimum wage, multiply the total hours Plaintiff Greg Lingle worked during the period specified in Question N. 7, above, by the minimum wage of $7.25 dollars per hour.  Then, deduct any amount Defendants Eagle River Partners, LLC and Martin S. Moore, Jr. paid Plaintiff Gregory Lingle from that amount:

 $ _____.

For overtime wages, determine how many overtime hours Plaintiff Gregory Lingle worked each week by subtracting the number 40 from the number of hours Plaintiff Gregory Lingle worked each week.  Then, add together all of the hours Plaintiff Gregory Lingle worked in excess of forty each week. Finally, multiply this number by $10.88.

$ _____.

**Question No. 11**

(Breach of Contract - Compliance)

Did Defendant Eagle River Partners, LLC fail to comply with the Employment Agreement?

Answer: _____

The "Employment Agreement" is the agreement entered into between Gregory Lingle and

Eagle River Partners, LLC during the time period October 2, 2015 to September 22, 2017.

*Source:* Texas Pattern Jury Charge 101.2 (2008)

**Question No. 12**

(Breach of Contract - Damages)

If your answer to Question No. 9 is "yes," what sum of money, if any, if paid now in case,

would fairly and reasonably compensate Plaintiff Gregory Lingle for his damages, if any, that

result from such failure to comply?

Consider the following elements of damages, if any, and none other:

1. The difference between the amount Defendant Eagle River Partners, LLC agreed to

   pay Gregory Lingle under the agreement and the amount Defendant Eagle River

   Partners, LLC actually paid to Gregory Lingle.

Do not add any amount for interest on damages, if any.

$_____

*Source:* Texas Pattern Jury Charge 115.2 (2008)

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**                    **PAGE 21**